IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Andrew M. Lennox, | Case No. 1:12 CV 1017 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Barry Goodrich, *Warden* | |
| Respondent. | |

### INTRODUCTION

Petitioner Andrew Lennox filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). This case was referred to Magistrate Judge Limbert, whose Report and Recommendation ("R&R") recommended this Court deny the Petition (Doc. 10). Petitioner timely objected (Docs. 11–12). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed the Magistrate Judge's conclusions *de novo*. For reasons that follow, this Court adopts the R&R and denies the Petition.

### BACKGROUND

The R&R sets forth the relevant factual and procedural background (Doc. 10 at 1–9). Finding no objections to the procedural history and facts as set forth in the R&R, this Court adopts the Magistrate Judge's recitation.

Briefly, Petitioner was convicted after a bench trial in Lake County, Ohio of: one count of aggravated vehicular homicide in violation of R.C. § 2903.06(A)(1)(a); one count of aggravated

vehicular homicide in violation of R.C. § 2903.06(A)(2)(a); and three misdemeanor counts of operating a vehicle under the influence. The charges arose after Petitioner crashed his vehicle into a telephone pole, resulting in the death of his passenger (Doc. 5-1 at 1–4 & 36). Evidence presented at the bench trial showed that Petitioner had been drinking earlier in the evening and speeding at the time of the crash. Petitioner raises three grounds for relief in his Petition: (1) the trial court erred when it denied Petitioner's motion to suppress certain statements; (2) the evidence presented at trial is insufficient to support his conviction for aggravated vehicular homicide as a proximate result of intoxication under R.C. § 2903.06(A)(1)(a); and (3) his due process rights were violated because he was incompetent to stand trial (Doc. 1 at 2–4). The Ohio appellate court considered these issues and affirmed the trial court's judgment (Doc 5-1 at 253–68).

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant habeas relief if the state court arrives at a decision contrary to the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely erroneous or incorrect. *Id.* at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a demanding standard met "only if reasonable jurists would find it so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

2

**DISCUSSION**

**Ground One: Admission of Certain Statements Made to Police**

Petitioner claims his Fourth Amendment rights were violated when police took him to the police station for questioning without probable cause, a warrant, or Petitioner's consent, and, as a result, his subsequent statements should have been suppressed.[1] The R&R recommends that this Court find Petitioner's claim to be non-cognizable on federal habeas review because *Stone v. Powell*, 428 U.S. 465 (1976) remains good law after the enactment of the AEDPA (Doc. 10 at 15). The R&R further recommends this Court find that the application of *Stone* to this claim does not violate the Suspension Clause (*id.* at 17).

Petitioner objects to the R&R's conclusion that his Fourth Amendment claim is not cognizable (Doc. 11 at 1). He argues the R&R simply adopted the reasoning of a district court opinion without fully analyzing his argument. In *Stone*, the Supreme Court held that where a state court has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a federal habeas court may not grant relief on the claim that evidence obtained in an unconstitutional search or seizure was introduced at trial. 428 U.S. at 494. The Sixth Circuit has acknowledged that *Stone* continues to preclude habeas relief for Fourth Amendment claims after the enactment of the AEDPA. *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (holding petitioner's Fourth Amendment claim was properly denied under *Stone* because he had a full and fair opportunity to litigate the claim).

---

[1] Petitioner executed a written waiver of his *Miranda* rights at the police station (Doc. 5-1 at 31).

Thus, a Fourth Amendment habeas claim may only proceed if it includes an allegation of procedural dysfunction that precluded petitioner from fully and fairly litigating the claim in state court. "A habeas petitioner may not seek habeas relief on a claim of illegal arrest if he had a full and fair opportunity to raise the claim in state court and presentation of the claim was not thwarted by any failure of the state's corrective processes." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). This Court uses a two-step inquiry to assess adequacy of the state's processes. First, the court "must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim." *Id.* Second, the court asks "whether presentation of [petitioner's] claim was in fact frustrated by a failure of that mechanism." *Id.*

Petitioner filed a motion to suppress statements made at the police station, asserting he was forcibly taken there in violation of the Fourth Amendment (Doc. 5-1 at 20). The trial court denied Petitioner's motion to suppress (*id.* at 33–34). Petitioner appealed the trial court's ruling, and the state appellate court affirmed the trial court's decision. The state courts provided an opportunity for full and fair litigation of Petitioner's Fourth Amendment claim, of which Petitioner availed himself. Petitioner's Fourth Amendment habeas claim does not allege any procedural dysfunction in the state courts. Therefore, this claim is not cognizable on federal habeas review.

Petitioner also objects to the R&R's Suspension Clause analysis, arguing it is inadequate because it does not reference *Boumediene v. Bush*, 553 U.S. 723 (2008). In *Boumediene*, petitioners were aliens designated as enemy combatants and detained at Guantanamo Bay. Petitioners sought writs of habeas corpus. Congress had previously enacted the Detainee Treatment Act of 2005 ("DTA"), providing certain procedures for review of the detainees' status while restricting the habeas jurisdiction of the federal courts. The issue before the Supreme Court was whether these aliens could assert the privilege of the writ. The Court held that they could, finding the DTA's procedures to not be an adequate and effective substitute for 28 U.S.C. § 2241. *Id.* at 733.

4

The facts in *Boumediene* are materially different from the facts in Petitioner's case. The AEDPA is not the DTA, and Petitioner was not denied the privilege of habeas corpus, nor was the writ substituted with another procedure. A federal court may issue a writ of habeas corpus for a Fourth Amendment violation if a petitioner was not given a full and fair opportunity to litigate that Fourth Amendment claim in a state court. Petitioner makes no such allegations here. *Stone* preserves the essence of the writ -- an attack by a person in custody upon the legality of that custody. Petitioner's objections are overruled.

**Ground Two: Insufficient Evidence as to Aggravated Vehicular Homicide as Result of Intoxication Conviction**

Petitioner next maintains the State presented insufficient evidence to sustain his conviction for aggravated vehicular homicide as a result of intoxication under R.C. § 2903.06(A)(1)(a) because it did not prove beyond a reasonable doubt that alcohol proximately caused the accident, and, therefore, death of the victim. Petitioner argues that evidence of him speeding, driving recklessly, and hitting a bump in the road precludes a finding that alcohol consumption proximately caused the deadly accident. The R&R concludes that the Ohio appellate court's determination that the evidence at trial supported Petitioner's conviction on this charge was not contrary to, or an unreasonable application of, clearly established federal law (Doc. 10 at 20–21). After a *de novo* review of the record, this Court agrees and adopts the R&R's finding.

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), the relevant question for a sufficiency-of-the-evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original). A reviewing court must give full credit to the responsibility of the fact-finder to weigh the evidence, make credibility determinations, and draw inferences. *Id.* A reviewing court may set aside a verdict on the ground of insufficient evidence only

if no rational trier of fact could have agreed with the fact-finder. *Cavazos v. Smith*, ___U.S.____, 132 S. Ct. 2, 4 (2011) (per curiam). Moreover, a federal habeas court may not overturn a state court decision rejecting a sufficiency-of-the-evidence challenge simply because the federal court disagrees with the state court; it may only overturn a state court decision that is objectively unreasonable. *Id.* (citing *Renico v. Lett*, 559 U.S. 678, 686 (2010)); *see also Moreland v. Bradshaw*, 699 F.3d 908, 916–917 (6th Cir. 2012). This distinction creates "a substantially higher threshold" for obtaining relief. *Renico*, 559 U.S. at 686 (citing *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

The trial court heard testimony demonstrating that Petitioner's intoxication significantly impacted his driving the night of the accident (Doc. 5-1 at 178). The testimony suggested alcohol influenced Petitioner's decision to speed excessively and disregard a stop sign before encountering the bump, and impaired his ability to control the vehicle after hitting the bump. A forensic scientist testified that the effects of alcohol consumption on Petitioner's driving resulted in decreased reasoning ability, critical judgment, memory and concentration, and reaction time and muscle coordination (*id.*). The State's reconstructionist testified that the bump in the road would not have caused Petitioner to lose complete control of the vehicle had he been driving at the 25-mph speed limit instead of 68 mph (*id*. at 179). Also, evidence suggested that Petitioner did not attempt to break or correct his steering after he encountered the bump to try to regain control of the vehicle (*id.*). Based on these facts, a rational trier of fact could have found that Petitioner's alcohol consumption proximately caused the accident.

Petitioner's objection conflates the standard of proximate causation with the burden of proof in a criminal prosecution. Petitioner argues the R&R "creates a new test for conviction, 'alcohol played some role' in causation" and that therefore the state courts had discarded proof beyond a reasonable doubt (Doc. 11 at 2). Under Ohio law, "a defendant's conduct is the proximate cause of injury or death to another if the defendant's conduct (1) is a substantial factor in bringing about the

6

harm and (2) there is no other rule of law relieving the defendant of liability." *State v. Knapp*, 2012-Ohio-2354, at ¶ 65 (Ohio Ct. App. 2012) (internal quotation marks omitted). Based on the evidence presented at trial, a rational trier of fact could have found that Petitioner's alcohol consumption was a substantial factor in causing him to drive well beyond the speed limit and lose control of the vehicle, thereby proximately causing the deadly accident.

**Ground Three: Incompetency**

Petitioner claims he suffered a due process violation as a result of the trial court finding him competent to stand trial. Specifically, Petitioner maintains the amnesia he suffered as a result of the crash prevented him from thoroughly consulting with his attorney, testifying about relevant facts that preceded the accident, and contesting evidence given by prosecution witnesses. The R&R concluded Petitioner failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or that is was an unreasonable determination of facts based on evidence in the record (Doc. 10 at 24). After a *de novo* review, this Court agrees and overrules Petitioner's objection.

"The standard for competence to stand trial is whether the defendant has: (1) sufficient present ability to consult with a lawyer with a reasonable degree of rational understanding; and (2) a rational and factual understanding of the proceedings against him." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). "A state court determination of competence is a factual finding, to which [high] deference must be paid." *Id.* (citing *Thompson v. Keohane*, 516 U.S. 99, 108–11 (1995)). Section 2254(e) provides that a state court's factual determinations are "presumed to be correct" and petitioners may only rebut them by "clear and convincing evidence." So long as fairminded jurists could disagree on the correctness of a state court's decision, federal habeas relief is precluded for factual determinations. *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

Petitioner objects to the R&R, arguing it is based on an "unreasonable application of facts in the record" (Doc. 11 at 3). Petitioner claims experts offered by he and the State testified that memory loss of moments and events immediately preceding the crash would make it hard for Petitioner to assist in his defense (*id.*). However, both experts opined that Petitioner was competent to stand trial; his temporary amnesia after the crash provided no barrier to his ability to understand the criminal prosecution then proceeding against him and assist in his defense.

Petitioner's expert testified that although Petitioner's failure to remember the accident itself and the events immediately preceding the accident would impact his ability to assist his lawyer on issues concerning that particular moment in time, Petitioner still was able to consult with his lawyer and aid in his own defense, and he had a rational and factual understanding of the proceedings against him (Doc. 6 at 13–16). The State's expert testified that Petitioner had the ability to understand the nature and objective of the proceedings against him and assist with his own defense (*id.* at 46–52). This expert testimony does not constitute clear and convincing evidence that the Ohio appellate court's determination of competency was incorrect or based on an unreasonable application of facts.

## CONCLUSION

After a thorough review of the R&R and the record, this Court finds that the R&R has accurately addressed the merits of this Petition (Doc. 10 at 15–23). The three grounds for relief raised by the Petition were correctly decided by the Magistrate Judge. For the foregoing reasons, this Court adopts the R&R (Doc. 10) in its entirety and denies the Petition. Further, because Petitioner has not made a substantial showing of the denial of a constitutional right, this Court finds there is no basis on which to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 30, 2013